UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60031-CIV-UNGARO/TORRES

ANNA BALU,

        Plaintiff,

vs.

COSTA CROCIERE S.P.A.,

        Defendant.
_____/

**ORDER ON DISCOVERY MOTIONS**

        This matter is before the Court upon various related discovery motions pending in the case that relate to the scheduling and location of the Defendant's corporate representative deposition. Upon reviewing the motions and responses, and considering the record as a whole, the Court's rulings follow.[1]

        1.    Plaintiff has attempted to schedule the deposition of Defendant's corporate representative. The parties, however, are at an initial impasse on scheduling that deposition based upon Defendant's insistence that it take place in Genoa, Italy, where Defendant's headquarters are located. Plaintiff objects and takes the position

---

[1] Another related motion is pending with respect to the scheduling of a video deposition of a Costa crew member who has been designated as a corporate representative with regard to photography procedures. [D.E. 34]. Defendant has not yet filed its response to the motion, and thus we will not address it here. Given the disposition of this Order, however, we trust that Defendant will resolve that motion with Plaintiff's counsel without the need for further Court involvement.

that the deposition should take place in Miami, which is where all counsel are present and where the legal proceedings are located based upon the contractual forum selection clause incorporated in Defendant's passenger ticket. Defendant replies that it has not initiated any claims in this forum and has a right under federal procedure to be deposed at or near where it resides, in Italy. Thus, if Plaintiff wishes to take the deposition she should travel to Italy. Alternatively, Defendant argues that the deposition should be taken by telephone or video conference.

2.      Nevertheless, Plaintiff noticed the corporate representative deposition to take place in Miami on July 22, 2011. Defendant responded with a Motion for Protective Order [D.E. 26] and did not appear for the deposition, citing the location dispute as well as substantive objections to certain of the topics noticed for the deposition. Plaintiff responded to that Motion and filed what is essentially a cross Motion for Sanctions [D.E. 32] and Motion to Compel [D.E. 33] arguing that Defendant has been stonewalling the process.

## *Location of Deposition*

3.      There is no dispute that the default rule in federal procedure is that a defendant who has not asserted any claims in the forum of the litigation has the right to insist on being deposed in its home forum where it is headquartered. *E.g., Rapoca Energy Co., L.P. v. AMCI Export Corp.*, 199 F.R.D. 191, 193 (W.D. Va. 2001); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992), *aff'd,* 992 F.2d 325 (5th Cir. 1993). In particular, the deposition of a corporation through its agents or officers should normally be taken at the principal place of

business of the corporation. *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir. 1979); *Resolution Trust,* 147 F.R.D. at 127.

4.   The Court recognizes as well that it has the power to order a defendant to appear for its deposition in the forum where the litigation is based under certain circumstances. *E.g., Resolution Trust*, 147 F.R.D. at 127 (citing *Turner v. Prudential Ins. Co.,* 119 F.R.D. 381, 383 (M.D.N.C. 1988)); *Rapoca Energy,* 199 F.R.D. at 193 (citing *Armsey v. Medshares Mgmt. Serv., Inc.,* 184 F.R.D. 569 (W.D. Va. 1998)). These factors include (1) the location of counsel for the parties, (2) the number of corporate representatives a party is seeking to depose, (3) the likelihood of significant discovery disputes arising which would necessitate resolution by the court, (4) whether the persons sought to be deposed often engage in travel for business purposes, (5) whether the defendant has filed a permissive counterclaim, and (6) the relevant equities involved. *Resolution Trust*, 147 F.R.D. at 127; *Rapoca*, 199 F.R.D. at 193. Ultimately, a court must consider each case on its own facts and the equities of the particular situation. *Id.* It is also clear that in addressing this issue, a court has broad and substantial discretion to determine the appropriate time and place for the examination and whether any special conditions should be attached. *Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1248 (9th Cir. 1981); *In re Standard Metals Corp.,* 817 F.2d 625, 628 (10th Cir. 1987).

5.   We take the view, however, that in the modern age these types of disputes are usually not necessary because depositions are now readily taken inexpensively by

internet video (e.g., Skype) or through somewhat more expensive, but still efficient, video conferencing facilities. *See, e.g., Sloniger v. Deja,* 2010 WL 5343184, at *10-12 (W.D.N.Y. Dec. 20, 2010) (upholding right of defendant to be deposed in home forum, Germany, but via video conferencing) (collecting similar cases). Indeed, Plaintiff has no objected, for instance, to the taking of the corporate representative deposition that Defendant has already noticed by video teleconference. [D.E. 34]. Plaintiff merely objects to the date and time when that deposition should be taken. For its part Defendant is fully amenable to the taking of these corporate representative depositions by video conference.

6. And given the nature of this case, which arises from a three-page complaint over a slip-and-fall on a cruise ship where Plaintiff was injured when she allegedly fell down five stairs walking down the marble staircase following dinner, traditional (and quite expensive) deposition methods that require personal appearance of either the deponent or the lawyers a great distance away are quite unnecessary. The Court sees little reason here why a video-conferenced deposition of any corporate representative witnesses will not suffice. Any documents that the witness requires for examination can be emailed before the deposition, or even *during* the deposition by telefax or email.[2]

---

[2] The same result should follow for a non-resident Plaintiff, but for the fact that an independent medical examination cannot be conducted remotely. To accommodate the burden on the plaintiff, however, the Court can order (as in this case) that the IME be conducted during the same time period as a deposition or mediation in the forum where the litigation is pending.

7.      Therefore, the Court will Order that the parties agree on the particular methodology to be used, as per Rule 29, for the taking of a video-conference or Skyped deposition of the witness. To assist in that process, the Court will require that if Skype technology is to be used, high-level broadband facilities must be used at both ends of the communication to ensure a quality transmission. If Plaintiff wishes to videotape the deposition, counsel may require that a court reporter's video conference facilities be utilized for that purpose. The court reporter may swear in the witness over the transmission and does not have to be personally present where the deponent is, so long as reliable identification information is transmitted by the witness (passport, etc.), which can later be attached to the transcript as an exhibit. If adequate video conferencing facilities are not available in Genoa, the deponent may need to travel to Milan (or other modern city) where those facilities are available. Given the time difference, the deposition may if necessary have to be taken over two days. The seven-hour rule shall otherwise be in place, unless the witness requires an Italian-English interpreter, in which case the deposition may last up to ten hours.

8.      With respect to the costs involved, Plaintiff shall bear the cost of the court reporter. Any interpreter cost shall be borne by Defendant. For whatever video technology is used, any third-party costs shall be borne equally by Defendant and Plaintiff for the use of the transmission facilities, conference room, etc.

9.      The parties are free to stipulate to alternative procedures from these if they wish. If agreement is not reached, however, these procedures shall at minimum

apply together with those imposed in the *Stoniger* decision cited above from the Western District of New York.

11. Defendant shall arrange for the scheduling of any witness(es) necessary for the corporate representative deposition during the first three weeks in August, in consultation with Plaintiff's counsel as to his schedule.

***Objections to Noticed Topics***

11. Defendant's motion for protective order was also based on Plaintiff's identification of certain topics in the notice of deposition that Defendant contended required court intervention prior to the deposition. Specifically, the motion seeks protection regarding eight different areas noticed which are allegedly irrelevant or burdensome. Though Defendant is correct that Plaintiff did not materially respond to this aspect of the motion, the Court finds nonetheless that the motion will be denied on procedural grounds.

12. This Court's Rules and precedents are clear in this regard (even though none were cited in the motion or reply). Rule 30 is drafted and designed to operate on its own, extrajudicially, because these obligations are well established in the law, especially in our district. *See New World Network Ltd. v. M/V Norwegian Sea,* 2007 WL 1068124, at *2-3  (S.D. Fla. Apr. 6, 2007) (citing *King v. Pratt & Whitney,* 161 F.R.D. 475 (S.D. Fla. 1995)). Consequently, upon receipt of the notice, the corporation "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the

questions posed . . . as to the relevant subject matters.'" *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citations omitted); *see also Gucci America, Inc. v. Costco Cos. Inc.,* 2000 WL 60209, at *3 (S.D.N.Y. Jan. 24, 2000); *Starlight Int'l, Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan. 1999).

13. In situations where a particular noticed topic is alleged to be outside the scope of Rule 26 discovery, either because it is irrelevant or harassing as alleged here, the remedy is also clear and does *not* involve this Court preemptively reviewing arguments on relevance or overbreadth that may arise in a Rule 30(b)(6) notice:

> In either respect, however, the Rule is intended to be self-executing and must operate extrajudicially. Although there is some authority for the proposition that a 30(b)(6) notice should be stricken in part based upon the specific topics included in the notice, the proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule deposition. That would provide a corporate deponent a procedural benefit that no other deponent has. As Judge Gonzalez found [in *King*], there is nothing in Rule 30(b)(6) that was intended as a special corporate privilege or immunity in responding to questions at a deposition. The same is true with respect to a special corporate opportunity to challenge the topics that may be raised at a deposition.
>
> Instead, the better procedure to follow for the proper operation of the Rule is for a corporate deponent to object to the designation topics that are believed to be improper and give notice to the requesting party of those objections, so that they can either be resolved in advance or otherwise. The requesting party has the obligation to reconsider its position, narrow the scope of the topic, or otherwise stand on its position and seek to compel additional answers if necessary, following the deposition. The reason that is a better procedure is that the deponent's answers to relevant questions at the deposition will have a great deal of impact upon the strength of the arguments in support of or against a motion to compel. The answers provided will give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not. And that forces a responding party to ensure that the witness provides as much relevant or possibly relevant

>information as possible given the liberal scope of discovery provided by
Rule 26 to forestall the necessity for a motion to compel.

*New World,* 2007 WL 1068124, at *4.

14.    Accordingly, whatever merit Defendant's arguments here may have as to the relevance of particular topics is a matter that would be first addressed in its preparation for responding to the 30(b)(6) notice. To the extent that the corporation's witnesses are not properly prepared on a relevant designated topic, Rule 37 sanctions may follow. On the other hand, to the extent that the corporation does comply with its obligations, a motion to compel better answers on issues that are too far afield from the claims and defenses in this particular case would meet a similar fate. Either way, those issues are best addressed after the deposition if necessary. Defendant must keep in mind, however, that the burden will be on Defendant to show that any topic requested at a deposition fell outside the very broad scope of discovery envisioned by Rule 26. Attorneys' fees may thus have to be considered if Defendant cannot meet that burden.[3]

---

[3]    Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985). Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these discovery rules. *Rosenbaum v. Becker & Poliakoff, P.A.,* 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defenses raised in the case. *See, e.g., Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.,* 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary

15. On this basis, relief under Rule 26(c) was not warranted, and is now Denied, with respect to this aspect of Defendant's motion for protective order.

16. Finally, the Court finds that neither party has taken wholly unjustified positions on the issues raised. Hence, no sanctions shall be imposed for either party.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A. Defendant's Motion for Protective Order [D.E. 26] is **GRANTED** in part and **DENIED** in part.

B. Plaintiff's Motion for Sanctions [D.E. 32] is **DENIED**.

C. Plaintiff's Motion to Compel [D.E. 33] is **GRANTED** in part and **DENIED** in part.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of August, 2011.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007). And to show that the requested discovery is otherwise objectionable, the onus is on that party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbach v. Rundle,* 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985) (objections must be "plain and specific enough so that the court can understand in what way the [requested discovery] are alleged to be objectionable")).